## Schmick v. Mutual Insurance Company of Lehigh County

*Donald H. Lipson*, for plaintiff.

*E. Drummond King*, for defendant.

SCHEIRER, J., December, 14, 1971.—Plaintiffs have instituted an action in assumpsit to recover the value of a stolen snowmobile which they assert is covered by a homeowners' policy issued by defendant. An answer was filed denying coverage. Both parties filed motions for summary judgment. Depositions were taken by plaintiffs and there is no dispute as to facts necessary for an adjudication. The snowmobile is powered by a gasoline engine, capable of

attaining a speed of 45 miles per hour, and was used for family recreation on neighboring fields. It was not used to service plaintiffs' home, an important fact in determining policy coverage. The policy was in force at the time of the theft.

We are concerned with that section of the policy denoted as "Coverage C — Unscheduled Personal Property." The coverage was of "unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured." Excluded from coverage were "motorized vehicles, except such vehicles pertaining to the service of the premises and not licensed for road use."

There is no definition in the policy of a "motorized vehicle." "Motor vehicle" is defined as a "land motor vehicle . . . designed for travel on public roads . . . but does not include, except while being towed by or carried on a motor vehicle . . . recreational motor vehicle . . . or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads."

A "recreational motor vehicle" means, "(1) a golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads."

It is clear that a snowmobile is a motorized vehicle, is not registered, is designed for recreational use off public roads, and not, at least in this case, used to service the premises. Thus, we conclude that a snowmobile is excluded from coverage under the policy. Plaintiffs claim there is ambiguity in the policy because a motorized vehicle is not defined and, therefore, the issue must be resolved in favor of the insured. Merely because a snowmobile is designated a "recreational motor vehicle" does not take it out of the classification of a motorized vehicle. The latter

term is a general one and can encompass not only motorized recreational vehicles but such utilitarian vehicles as power mowers, tractors and snow removal machines. A snowmobile is not within the policy definition of a "motor vehicle" not only because it is specifically excluded, but also because it was not designed for travel on public roads. We are of the opinion that the exclusion of a snowmobile is clear and unambiguous. Summary judgment will be entered for defendant.

## ORDER

Now, December 14, 1971, summary judgment is entered for defendant against plaintiffs.